

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-25-2008

# Stevens v. Beard

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-9011

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Stevens v. Beard" (2008). *2008 Decisions.* Paper 799.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/799

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 04-9011 & 04-9013
_____

ANDRE STEVENS

v.

JEFFREY BEARD*, Commissioner, Pennsylvania Department of Corrections;
CONNER BLAINE, Superintendent of the State Correctional Institution at Greene;
JOSEPH P. MAZURKIEWICZ, Superintendent of the State Correctional Institution at
Rockview,

Appellant in No. 04-9011

(*Amended in accordance with the Clerk's Order of July 19, 2007)

_____

ANDRE STEVENS,

Appellant in No. 04-9013

v.

JEFFREY BEARD, Commissioner, Pennsylvania Department of Corrections;
CONNER BLAINE, Superintendent of the State Correctional Institution at Greene;
JOSEPH P. MAZURKIEWICZ, Superintendent of the State Correctional Institution at
Rockview

(*Amended in accordance with the Clerk's Order of July 19, 2007)

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 99-cv-01918)
District Judge: Honorable Arthur J. Schwab

_____

Submitted Under Third Circuit LAR 34.1(a) on July 6, 2006
Decided on July 7, 2006

On Remand from the Supreme Court of the United States by Order of June 11, 2007

Before: ALDISERT, NYGAARD, and VAN ANTWERPEN, <u>Circuit Judges</u>.

(Filed:   July 25, 2008)
_____

OPINION
_____

VAN ANTWERPEN, *Circuit Judge.*

This capital habeas case is before us again on an order of the Supreme Court of the United States, which granted the petition for writ of certiorari filed by the Commonwealth of Pennsylvania, vacated the judgment of this court, and remanded for further consideration in light of the Court's opinion in <u>Uttecht v. Brown</u>, 127 S. Ct. 2218 (2007). We will reinstate our original judgment to the extent that it affirmed the District Court's denial of relief on Andre Stevens's sole guilt-phase claim.  As we explain briefly below, we will otherwise remand the case for further proceedings.

I.

For present purposes, we need not, and do not, recite the factual and procedural history of the case in any detail.  It is sufficient to note that Stevens's habeas petition raised a single claim related to the determination of his guilt as well as several claims targeted at his capital sentence.  The District Court denied relief on the guilt-phase claim, which alleged that trial counsel had ineffectively failed to formulate and press a diminished capacity defense.  It granted relief on one of Stevens's sentencing claims, a

2

claim that a potential juror was improperly excluded under Witherspoon v. Ill., 391 U.S. 510 (1968). It did not reach Stevens's remaining sentencing claims.

Both Stevens and the Commonwealth appealed. We affirmed the judgment of the District Court in all respects. Stevens v. Horn, 2006 WL 1876652, at *10 (3d Cir. July 7, 2006, Nos. 04-9011 & 04-9013) (nonprecedential). Each side sought review in the Supreme Court. Stevens's petition for writ of certiorari was denied. Stevens v. Beard, 127 S. Ct. 1376 (Feb. 26, 2007, S. Ct. No. 06-8541). The Commonwealth's petition was successful, and the Court vacated our judgment and remanded for further consideration in light of Uttecht. Beard v. Stevens, 127 S. Ct. 2966 (June 11, 2007, S. Ct. No. 06-511). We directed the parties to address in supplemental briefs the effect of Uttecht on this matter. These supplemental briefs have been received, and the matter is now ripe for further consideration.

II.

First, we return briefly to the disposition of Stevens's sole guilt-phase claim. We addressed that claim in detail in our original opinion, agreeing with the District Court that Stevens had not established that his trial counsel ineffectively failed to investigate, develop, and present a diminished capacity defense. See Stevens, 2006 WL 1876652, at *1-5, 10. The Supreme Court denied Stevens's petition for writ of certiorari as to this claim. Accordingly, we will reinstate the portion of our original opinion and judgment that rejected Stevens's guilt-phase claim.

What remains is the Commonwealth's appeal of the District Court's determination, under Witherspoon, that the trial court improperly removed a potential juror based on her moral opposition to capital punishment. Having carefully considered Uttecht, the prior opinions in this case, and the parties' supplemental briefs, we conclude that Stevens's Witherspoon claim is best addressed anew by the District Court in the first instance. Unsurprisingly, the parties vigorously dispute the effect of Uttecht on the case. In the Commonwealth's view, Uttecht "provides an explicit framework . . . that differs in several important respects" from the one we previously utilized. Commonwealth's Supplemental Brief, 3. Stevens contends, by contrast, that Uttecht "was an application of the well-established principles of Witherspoon and its progeny," which we "already applied." Stevens's Supplemental Brief, 2. Obviously, the District Court's findings of fact were not made with Uttecht in mind. We decline at this juncture to attempt to provide a definitive gloss on the Supreme Court's new opinion.

We emphasize that we are fully committing the remanded proceedings to the sound discretion of the District Court. We offer only these few observations. First, because Uttecht stresses the importance of an attorney's failure to object to a potential juror's exclusion, see Uttecht, 127 S. Ct. at 2229-30, the District Court may wish to consider one of Stevens's other sentencing claims—that counsel ineffectively failed to object to the removal of Hartling—contemporaneously. Although we do not reach the question at this time, it may be the case that general factfinding concerning the sentencing court's

4

conduct of voir dire, or more specific factfinding concerning counsel's failure to object to Hartling's exclusion, would be helpful to the proper resolution of Stevens's <u>Witherspoon</u> claim. Also, we stress that we do not mean to suggest that the District Court must necessarily turn its attention first to Stevens's <u>Witherspoon</u> claim. If the District Court determines on remand that it would be more efficient to begin with other of Stevens's unresolved sentencing claims, it will, of course, be free to do so.

Finally, we note that federal review of Stevens's conviction and death sentence has already been lengthy. We are confident that the District Court will make the timely resolution of Stevens's habeas petition a priority.

### III.

We will affirm the District Court's denial of habeas relief on Stevens's claim that his attorney rendered ineffective assistance at the guilt phase (C.A. No. 04-9013). As to Stevens's <u>Witherspoon</u> claim (C.A. No. 04-9011), we will vacate the District Court's judgment and remand for further proceedings consistent with <u>Uttecht</u>.